IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| SUSANNE BECKER, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:22-CV-056-Z |
| DEPARTMENT OF HUMAN HEALTH OF THE STATE OF NEBRASKA, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiff Susanne Becker's ("Plaintiff") Complaint against Defendant the Department of Human Health of the State of Nebraska ("Defendant") ("Complaint") (ECF No. 3). Having considered the Complaint and relevant law, the Court **DENIES** the Motion and **DISMISSES** this case.

Before finding "who was right or who was wrong" in a case, a district court should determine whether the claims before it are of such a "trifling" nature to warrant a quick dispatch of the matter. *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257 (5th Cir. 1981). The Court recognizes "a complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Id.* Further, federal courts lack federal-question jurisdiction in cases where allegations are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the district court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666–67 (1974).

Plaintiff sues Defendant for breach of contract. She asks the Court whether she "engaged in the performance of the [federal] contract" and answers her rhetorical question "Yes!" ECF No. 3 at 1. Plaintiff's Complaint presents no claim within this Court's jurisdiction. Therefore, in the interest of judicial economy, the Court **DENIES** Plaintiff's Motion and **DISMISSES** this case.

**SO ORDERED**.

April 21, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE